Slip Op 17-124

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| XYZ CORPORATION, | |
| Plaintiff, | |
| v. | |
| UNITED STATES and U.S. CUSTOMS & BORDER PROTECTION, | Before: Jennifer Choe-Groves, Judge |
| Defendants, | Court No. 17-00125 |
| and | |
| DURACELL U.S. OPERATIONS, INC., | |
| Defendant-Intervenor. | |

## MEMORANDUM AND ORDER

[Plaintiff may not proceed anonymously in this action under the pseudonym "XYZ Corporation"]

Dated: September 12, 2017

John M. Peterson, Russell A. Semmel, and Richard F. O'Neill, Neville Peterson LLP, of New York, N.Y., for Plaintiff XYZ Corporation.

Alexander J. Vanderweide, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., for Defendants the United States and U.S. Customs and Border Protection.  With him on the brief were Chad A. Readler, Acting Assistant Attorney General, Jeanne E. Davidson, Director, Reginald T. Blades, Jr., Assistant Director, and Tara K. Hogan, Assistant Director.  Of counsel on the brief was Beth C. Brotman, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, New York, N.Y.

Frances P. Hadfield, Crowell & Moring LLP, of New York, N.Y., and Robert N. Phillips and John Patrick Donohue, Reed Smith LLP, of San Francisco, CA and Philadelphia, PA, for Defendant-Intervenor Duracell U.S. Operations, Inc.

Choe-Groves, Judge: XYZ Corporation ("Plaintiff") is a company engaged in the business of importing and distributing bulk-packaged gray market batteries bearing the "DURACELL" mark, a United States trademark currently owned by Duracell U.S. Operations, Inc. ("Duracell").  Plaintiff commenced this action to obtain judicial review of the decision made by U.S. Customs and Border Protection to grant Duracell's application for Lever-Rule protection, thereby restricting imports of certain gray market batteries bearing its trademark.  See Amended Compl. ¶ 1; see also U.S. Customs and Border Protection Grant of "Lever-Rule" Protection, 51 Cust. Bull. & Dec. No. 12 (Mar. 22, 2017).  Before the court is the issue of whether Plaintiff may designate its identity as confidential information in all filings with the court and instead use the pseudonym "XYZ Corporation."  For the reasons explained below, the court concludes that Plaintiff may not continue to proceed in this action under a pseudonym.

## BACKGROUND

Plaintiff commenced this action against the United States and U.S. Customs and Border Protection (collectively, "Government") on May 19, 2017 with the filing of a summons and complaint.  See Summons, May 19, 2017, ECF No. 1; Compl., May 19, 2017, ECF No. 2.  The summons and complaint both named "XYZ Corporation" as the plaintiff.  See Summons; Compl. Plaintiff noted in its complaint that "XYZ Corporation is an assumed name of Plaintiff, which fears commercial retaliation if its name is revealed.  Contemporaneous with the filing of this action, Plaintiff submitted an application for a judicial protective order, which would make the name known to counsel for parties in this action, subject to certain specified limitations on dissemination."  Compl. n.1.

After obtaining the Government's consent, Plaintiff moved the court to enter a judicial protective order.  See Consent Mot. Judicial Protective Order, May 19, 2017, ECF No. 10.

The court entered the requested protective order on May 26, 2017, restricting the disclosure of

confidential information produced in this action according to the terms of the protective order.

See Judicial Protective Order, May 26, 2017, ECF No. 21.  Plaintiff filed a summons and

complaint under seal revealing Plaintiff's true identity.  See Confidential Summons, June 1,

2017, ECF No. 26; Confidential Compl., June 1, 2017, ECF No. 27; see also USCIT Rule

81(h)(1) (requiring a party to file a confidential and public pleading if confidential or privileged

information is referenced).

Duracell moved to intervene in this action on July 11, 2017.  See Ex Parte Appl. Leave

Intervene, July 11, 2017, ECF No. 61.  The court granted Duracell permissive intervention and

Duracell was entered as a defendant-intervenor in this action.[1]  See Order, July 13, 2017, ECF

No. 63.  The Parties then filed a joint motion to amend the judicial protective order to enable

Duracell's counsel to have access to confidential information in this action.  See Joint Mot.

Amend Judicial Protective Order, July 19, 2017, ECF No. 74.  The motion was expressly "made

without prejudice to Duracell's right to challenge the designation of any information as

Confidential" pursuant to the terms of the protective order.  See id.  The court granted the motion

and issued the amended judicial protective order on July 19, 2017.

The amended judicial protective order provides for the following procedure in the event

there is disagreement regarding what information may be designated as confidential:

> In the event the receiving party disagrees with the producing party's designation
> of confidentiality, whether as to particular information or document, the receiving
> party shall so advise the producing party in writing, and the producing party shall
> thereupon have twenty (20) days in which to withdraw the claim to confidentiality

---

[1] The Rules of the Court provide that a party may intervene as of right or with permission from
the court.  See USCIT Rule 24(a)–(b).  The court granted Duracell permissive intervention
because Duracell, as the applicant for the Lever-Rule grant that is the subject of this action, "has
a claim or defense that shares with the main action a common question of law or fact."  USCIT
Rule 24(b).  Duracell did not claim in its motion that it had any right to intervene in this action.

or otherwise resolve the disagreement, or move the Court to resolve the
disagreement.  During the pendency of any such motion the receiving party will
not disclose the information or documentation that is the subject of said motion.

Amended Protective Order ¶ 9, July 19, 2017, ECF No. 75.  On July 28, 2017, Duracell advised

Plaintiff by e-mail that it objected to Plaintiff's assumption of a fictitious name and challenged

Plaintiff's designation of its identity as confidential information under the amended judicial

protective order.  See Pl.'s Mot. Order Directing Def.-Intervenor to Show Cause Why

Confidential Information Should Not Be Redacted, or to Redact Confidential Information Ex. A,

Aug. 17, 2017, ECF No. 103.  Duracell stated that there was no justification to treat Plaintiff's

identity as confidential information and informed Plaintiff that, according to the terms of the

protective order, Plaintiff had until August 17, 2017 either to withdraw the claim of

confidentiality to its identity or move the court to resolve the disagreement.  See id.  Plaintiff

refused to withdraw the designation of its identity as confidential information.

On August 17, 2017, Plaintiff filed a motion for an order directing Duracell to show

cause why Plaintiff's identity should not be redacted as confidential information under the

amended judicial protective order.  See Pl.'s Mot. Order Directing Def.-Intervenor to Show

Cause Why Confidential Information Should Not Be Redacted, or to Redact Confidential

Information, Aug. 17, 2017, ECF No. 103.  Plaintiff argued that it should be able to proceed in

this action under a pseudonym because Plaintiff's need for anonymity due to fear of commercial

and legal retaliation from Duracell outweighs countervailing interests in full disclosure.  See id.

at 4–14.  By letter dated August 21, 2017, the court invited the Government and Duracell to

submit written comments addressing whether Plaintiff's identity should be treated as confidential

under the judicial protective order in this case.  See Letter filed by the Honorable Jennifer Choe-

Groves, Aug. 21, 2017, ECF No. 109.  Duracell filed comments on August 23, 2017, explaining

that there is no factual or legal basis to justify allowing Plaintiff to conceal its identity.  See Def.-

Intervenor's Resp. Pl.'s Mot. Order Directing Def.-Intervenor to Show Cause Why Confidential

Information Should Not Be Redacted, or to Redact Confidential Information, Aug. 23, 2017,

ECF No. 111.  The Government filed comments on the same date, "defer[ring] to the Court's

discretion to determine whether the plaintiff has demonstrated, through particularized evidence,

that its concern of retaliation outweighs the countervailing interest in open judicial proceedings."

Def.'s Resp Court's Order Dated Aug. 21, 2017 3, Aug. 23, 2017, ECF No. 113.

## DISCUSSION

Plaintiff wishes to proceed anonymously in this action using the pseudonym "XYZ

Corporation."  The amended judicial protective order issued on July 19, 2017 affords the Parties

limited protections regarding the disclosure of business information produced in this action.

Amended Protective Order, July 19, 2017, ECF No. 75.  According to the terms of the protective

order, the following categories of information may be designated as confidential information and

may not be disclosed to the public:

> (1) proprietary, business, financial, technical, trade secret, or commercially
> sensitive information; (2) information that any party is prohibited from releasing
> publically pursuant to contractual obligations, applicable statutes, applicable
> regulations, or directives from the Government; (3) private information that is
> otherwise protected from disclosure under applicable law including, but not
> limited to, personnel files; and (4) other confidential research, development, or
> commercial information as set forth in USCIT Rule 26(c)(1)(G).

Amended Protective Order ¶ 2.A, July 19, 2017, ECF No. 75.  Plaintiff's identity does not

appear to fall within any of these categories, nor has Plaintiff advanced any argument claiming

that its identity is confidential information pursuant to the terms of the protective order.  Thus,

the court concludes that Plaintiff may not designate its identity as confidential information

according to the terms of the protective order.

Having concluded that the protective order does not permit designating Plaintiff's

identity as confidential, the court determines next whether to exercise its discretion to allow

Plaintiff to proceed anonymously in this action.  The Rules of the Court provide that a summons

and complaint must "name all the parties," USCIT R. 10(a), and that "[e]very action shall be

prosecuted in the name of the real party in interest."  USCIT R. 17(a).  These rules serve to

apprise all parties of the identities of their adversaries and to protect the public's interest in

knowing all the facts and events surrounding court proceedings.  AD HOC Utils. Grp. v. United

States, 33 CIT 1284, 1291 n.14, 650 F. Supp. 2d 1318, 1326 n.14 (2009) (quoting Doe v.

Rostker, 89 F.R.D. 158, 160 (N.D. Cal. 1981)); Guerrilla Girls, Inc. v. Kaz, 224 F.R.D. 571, 573

(SDNY 2004).[2]  Although Plaintiff's identity is known to the Parties in this action, Plaintiff's

identity is unknown to the public because the pseudonym "XYZ Corporation" has been used to

reference Plaintiff in the caption, the docket, and all public filings in this action, upon the

consent of the original parties to the case.  Neither the Rules of the Court nor the Federal Rules

of Civil Procedure provides an explicit exception that allows a litigant to proceed anonymously.

There is no precedent from the Court of Appeals for the Federal Circuit addressing this

issue, but several other federal courts of appeals have held that, in determining whether a party

may use a pseudonym and remain anonymous in an action, "a district court must balance the

need for anonymity against the general presumption that parties' identities are public information

and the risk of unfairness to the opposing party."  Does I thru XXIII v. Advanced Textile Corp.,

214 F.3d 1058, 1068 (9th Cir. 2000) (allowing plaintiffs to litigate under a pseudonym due to

---

[2] "Since the Rules of the Court of International Trade mirror the Federal Rules of Civil
Procedure, it is without question that this court may look to the decisions and commentary on the
Federal Rules in the interpretation of its own rules."  Tomoegawa (U.S.A.), Inc. v. United States,
15 CIT 182, 185–86, 763 F. Supp. 614, 617 (1991) (citing Zenith Radio Corp. v. United States,
823 F.2d 518, 521 (Fed. Cir. 1987)).

threats of physical violence, immediate deportation, and likely arrest); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189–90 (2d Cir. 2008) (requiring district court to balance plaintiff's interest in anonymity against the public interest in disclosure and prejudice to defendants before deciding whether to allow a plaintiff to litigate under a pseudonym).  The balancing test is a highly fact intensive inquiry and it is within the court's discretion to determine whether the circumstances warrant "grant[ing] the 'rare dispensation' of anonymity against the world."  United States v. Microsoft Corp., 56 F.3d 1448, 1464 (D.C. Cir. 1995) (quoting James, 6 F.3d at 238).

In this case, Plaintiff wishes to proceed anonymously because it fears that revealing its identity would result in commercial and legal retaliation by Duracell.  See Pl.'s Mot. Order Directing Def.-Intervenor to Show Cause Why Confidential Information Should Not Be Redacted, or to Redact Confidential Information 4–8, Aug. 17, 2017, ECF No. 103.  Plaintiff states that during the twenty-seven years it has been importing gray market battery products bearing Duracell's trademark, neither Duracell nor previous owners of the trademark have taken any action to interrupt Plaintiff's business.  See id. at 6.  Plaintiff believes that anonymity in this case is justified because revealing its identity would expose Plaintiff to suit in district court for alleged infringement of Duracell's trademark, which would bankrupt Plaintiff and destroy Plaintiff's reputation.  See id. at 8.  Plaintiff's reason for anonymity – to avoid a potential suit in another forum and prevent financial hardship – does not present the type of special circumstance that warrants the use of a pseudonym.  "Courts should not permit parties to proceed pseudonymously just to protect the parties' professional or economic life."  Guerrilla Girls, Inc., 224 F.R.D. at 573.  After balancing the interests presented by the Parties in this motion, the court

holds that Plaintiff's interest in anonymity has failed to overcome the public interest in disclosure

of the identity of a litigant.

Therefore, it is hereby

**ORDERED** that the information Plaintiff has designated as confidential to protect the

identities of Plaintiff and its corporate officers shall no longer be designated as confidential

information in all future filings in this action; it is further

**ORDERED** that, on or before September 13, 2017, 5:00 p.m. EDT, Plaintiff shall refile

its public summons and amended complaint without redactions of Plaintiff's identity and its

corporate officers; it is further

**ORDERED** that the Government and Duracell shall not submit any public filings with

the court that reveal the identities of Plaintiff and its corporate officers prior to the refiling of

Plaintiff's public summons and amended complaint; and it is further

**ORDERED** that Plaintiff's Motion for Order Directing Defendant-Intervenor to Show

Cause Why Confidential Information Should Not Be Redacted, or to Redact Confidential

Information is denied as moot.


                                                    /s/ Jennifer Choe-Groves
                                                     Jennifer Choe-Groves, Judge


Dated:   September 12, 2017
              New York, New York